# Appeal of World's Museum of Anatomy.

*Taxation—Mercantile tax — Place of amusement — Museum — Act of May 20, 1913, P. L. 229.*

The action of the board of mercantile appraisers in returning a museum as a place of amusement, will not be sustained, where it appears that the museum was educational and instructive in showing, by means of wax figures, different parts of the human body in disease and health, illustrating the results of neglect and ignorance; that no admission was charged nor contributions requested or obtained from any one; that some of the owners were physicians, who from their own funds supported the institution; that the museum was open to the public, except women, from nine o'clock a. m. until eight o'clock p. m.; that no seats were maintained; and that the only benefit that might be obtained by the owners was that men who were in need of medical aid might come to one of the physicians connected with the museum for treatment.

The word "museum" as used in the Act of May 20, 1913, P. L. 229, should be read in connection with circuses, menageries and wild west shows, and is intended to refer to a place of amusement. It does not include public museums which are used as places of study, instruction and education.

Submitted Nov. 22, 1917. Appeals, Nos. 97, 98 and 99, Oct. T., 1917, by Commonwealth of Pennsylvania from order of C. P. No. 5, Philadelphia Co., June T., 1914, Nos. 553, 554 and 555, sustaining appeal from Board of Mercantile Appraisers In re Appeal of World's Museum et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Appeal from return of mercantile appraisers.
The opinion of the Superior Court states the case.

*Error assigned* was order sustaining the appeal.

*David McCoach,* for appellant.—The museum was a place of amusement: Com. v. Donnelly, 51 Pa. Superior Ct. 61; Bell v. Mahn, 121 Pa. 225; Oellers to use v. Horn, 3 Pa. Superior Ct. 537.

*Henry A. Hoefler, George S. Russell* and *George DeB. Myers,* for appellee.—The word "museum," as used in the Act of 1913, is in connection with circuses, menageries, and wild west shows, and not such places as appellees conduct: Monongahela Nav. Co. v. Commonwealth, 66 Pa. 81; Commonwealth v. Donnelly, 5 Pa. Superior Ct. 61.

If these appellees are museums, then they are exempt from taxation because they are public charities: Fire Ins. Patrol v. Boyd, 120 Pa. 624; Episcopal Academy v. Philadelphia, 150 Pa. 565; Centennial Mem. Assn. of Valley Forge, 235 Pa. 206.

OPINION BY KEPHART, J., April 22, 1918:

This is an appeal from the action of the court below in sustaining an appeal from the Board of Mercantile Appraisers. This case, and the two following, were heard together in the court below.. The court found certain facts common to each of the museums which were suffi-

cient on which to base its conclusion of law that none of
the appellees were liable to pay the license tax of $500
assessed under the Act of May 20, 1913, P. L. 229. Two
of the museums were owned by individuals and one by a
corporation. All of them were educational and instruc-
tive in showing, by means of wax figures, different parts
of the human body in disease and health, illustrating the
results of neglect and ignorance. Some of the owners
were physicians, who from their own funds supported
the institutions. No contributions were requested or ob-
tained from any one else. The places were conducted
for the benefit of the public, they could be visited by
males only and no distinction was made on account of
color, race, religion, sect, financial or social condition.
The wax figures were products of art and handicraft.
They were visited by thousands of people annually,
among whom were clergymen, fathers with their sons,
and Sunday school and public school teachers with boy
scholars. No admission charge was made to visitors,
who could remain as long as they desired from nine
o'clock a. m. to eight o'clock p. m. There were no seats
in the show rooms, visitors walking from exhibit to ex-
hibit. No profits were made or dividends declared; they
afforded no amusement to visitors. The only benefit
that might be obtained by the owners was that men who
were in need of medical aid might come to one of the
physicians connected therewith for treatment.

While the place was returned by the appraisers as an
"amusement," the State was not concluded by such classi-
fication. If the testimony developed that the institution
was properly taxable in some other class, the State would
not, by the incorrect designation made by the appraisers,
be deprived of the revenue assessable against the institu-
tion in its proper class; nor is the taxable precluded
from showing the proper class to which his property be-
longs. The court below concluded that the institutions
were without any seating capacity and were respectively
places of instruction and education provided by the

Opinion of the Court. [69 Pa. Superior Ct.

owners or lessees of such museums, with a supplemental intention of inducing visitors, who by means of the instruction they receive and the free consultations offered, may become patients of the professional medical men who maintain such museums for the free instructions and education and enlightenment of the class of persons who are gratuitously admitted to view the exhibition in such museums. They were, therefore, not of the character or class of amusement defined and regulated by the Act of 1913. They were not liable to a tax. The court below did not commit error in so concluding. The word "museum," in the act under consideration, should be read in connection with circuses, menageries and wild west shows and is intended to refer to a place of amusement. It does not include public museums which are used as places of study, instruction and education. It is not so much the exact word that is used in the act as it is the matter the legislature intended to cover. The learned judges of the court below have most ably disposed of the entire question in their discussions and findings of facts and law.

The judgment of the court below is affirmed.